**In the Interest of C.E., Respondent,**

v.

**S.E., Appellant.**

**No. 49791.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 29, 1985.

Brian A. Bild, St. Louis, for appellant.

Brian P. Seltzer, Clayton, for respondent.

REINHARD, Judge.

Mother appeals from an order finding her daughter, age 5, to be neglected, taking jurisdiction over the juvenile, and placing both physical and legal custody in the natural father. We affirm.

Mother's sole point on appeal is that the trial court erred in overruling her motion to suppress evidence obtained in a warrantless search of her residence.

After receiving an anonymous hotline report, which asserted that mother's child was neglected, two St. Louis County Detectives and a Division of Family Services social worker proceeded to mother's residence. Mother was present when they arrived, and she stepped outside to speak with them. They told her the purpose of their visit, then asked to look inside the

house. Mother explained that after a previous investigation she had been informed by her attorney that she did not have to "let anyone back in again." The social worker suggested that mother contact her attorney and obtain his advice. Mother then re-entered the house alone and proceeded to converse over the telephone for about twenty minutes. As mother stepped outside again after the phone call, a neighbor arrived at the scene. Mother told detectives and the social worker that she had not been able to reach her lawyer and had called her minister instead; he apparently contacted the neighbor, a friend of his who was also acquainted with mother.

Prior to gaining entry into the residence, the social worker informed mother that part of the allegations concerned the condition of the house, and that it was important for them to see if the allegations were true. Mother was told that she could refuse, in which case they would contact the juvenile court and enlist its assistance, and was informed about the various alternatives available to the court. Mother was then told that "if we could come in tonight, we could resolve it without involving the other parties at [this] time," but she still refused to admit them. After speaking with the neighbor, mother eventually told the detectives and the social worker to "come on in."

■ Although the Fourth Amendment prohibits unreasonable searches and seizures, consensual searches may be conducted without a warrant if the consent was voluntary, and not the product of duress, coercion, or fraud. *State v. Johns,* 679 S.W.2d 253, 261 (Mo. banc 1984). Whether there was voluntary consent is to be determined by the totality of the circumstances. *Id.* While a person's knowledge of the right to refuse consent is a factor to be considered, the state is not required to demonstrate such knowledge as a prerequisite to establishing voluntary consent. *State v. Clark,* 671 S.W.2d 1, 4 (Mo.App.1983). It has also been held that statements made by law enforcement officers to the effect that "they will attempt to obtain or are getting a warrant" will not vitiate an otherwise consensual search, whether considered by itself or with the additional factor that such statements were made to a person in custody. *U.S. v. Dennis,* 625 F.2d 782, 793 (8th Cir.1980).

■ We conclude, as the juvenile court did, that the search of mother's house was conducted with her voluntary consent, considering the totality of the circumstances. Although two of the three people who searched the residence were police detectives, they were dressed in "blazer ensemble" and had no weapons exposed. Mother was not in custody before or during the investigation of the house, and she was aware, from the previous conversations with her attorney, that she could prohibit their entry by withholding her consent. While the social worker's statement that "if we could come in tonight we could resolve it without involving other parties at [this] time" is subject to various interpretations, it does not vitiate the voluntary nature of mother's consent.

Because we have concluded that the search was not violative of mother's constitutional rights we need not decide whether the juvenile court was required by the Fourth Amendment to consider only evidence that is constitutionally obtained. However, *see, In the Interest of L.A.H.,* 622 S.W.2d 319, 323 (Mo.App.1981) (stating that juvenile court proceedings are civil in nature); *Minor Children of F.B. v. Caruthers,* 323 S.W.2d 397 (Mo.App.1959).

The judgment is affirmed.

DOWD, P.J., and CRANDALL, J., concur.